William T. O’Connell, J.
Motions numbered 15, 115 and 185 are consolidated.
In this action, the widow of an attorney, who is his beneficiary, seeks to recover the additional sum of $5,000 provided for in the rider to a policy of life insurance issued by the defendant, payable in the event of death from bodily injury by accidental means.
Of the three motions to be decided herein, the first is by the defendant for a preclusion order, the second is by the plaintiff for summary judgment, and the third is by the defendant for summary judgment or in the alternative for leave to serve an amended answer.
On the motion made by the defendant for order precluding the plaintiff from giving any testimony or evidence upon the trial of this action in support of the allegations contained in the complaint because of the failure of the plaintiff to serve a bill of particulars in accordance with the defendant’s demand requesting the plaintiff to furnish it with a description of the accident which plaintiff claims caused the death of the insured: — the plaintiff did thereafter furnish a bill of particulars in which she *126 stated “ 1. Violent death as a result of a bullet wound to head and brain.” In this connection, the court notes that the affidavit of the plaintiff, submitted in her behalf on one of these motions, stated under oath: “ I do not know what transpired in the office of my husband on the date of the wound ”.
Under these circumstances, the motion by defendant for an order precluding the plaintiff must be denied, because the court finds that the plaintiff has already answered the defendant’s demand to the best of her ability.
From the papers submitted upon these motions the court finds that the decedent and one Landrau were alone in a room in the law office of the deceased when the latter received the bullet wound which proved to be fatal. What transpired between them before the deceased was fatally struck by the bullet is at best a surmise, because the defendant’s investigator, Michael A. Sweeney, in his affidavits merely is repeating hearsay statements which were allegedly made to him by an Assistant District Attorney who is supposed to have heard Landrau testify before the Grand Jury, which took no action, and he was released after his testimony before the Grand Jury. Mr. Sweeney has been trying to locate Landrau in order to obtain the facts resulting in the death of the decedent and in order to insure his availability for testifying at the trial of this case. The Grand Jury did not return an indictment nor is any person presently being held in connection with the decedent’s death.
The plaintiff moves for summary judgment while the defendant also moves for summary judgment or in the alternative leave be granted for the defendant to serve an amended answer on the ground of newly discovered evidence as disclosed by the affidavit of Michael A. Sweeney. The affidavit of Mr. Sweeney is purely hearsay and testimony based on the statements made therein would not be admissible on a trial and the affidavit containing those statements is equally unacceptable on this motion.
In the case of Kamen v. Metropolitan Life Ins. Co. (6 N Y 2d 737, 738, affg. 6 A D 2d 406) the court stated: “In the Court of Appeals defendant argued, relying on Suslensky v. Metropolitan Life Ins. Co. (180 Misc. 624, affd. 267 App. Div. 812), that in an action to recover on a policy of life insurance the fact that defendant genuinely lacked knowledge of the facts constituting plaintiff’s claim was sufficient to require denial of a motion for summary judgment. The Appellate Division certified the following question: ‘ Upon the record herein, is the plaintiff-appellant entitled to summary judgment pursuant to Rule 113 of the Rules of Civil Practice? ’ ” The Court of Appeals answered the question certified in the negative. (See, also, *127 Procter & Gamble v. Lawrence Warehousing Corp., 16 N Y 2d 344, 362.)
An issue of fact exists requiring a trial on the merits.
Accordingly, the defendant’s motion for an order precluding the plaintiff from giving any testimony or evidence upon the trial of this action is denied; the plaintiff’s motion for summary judgment is denied; and the defendant’s motion for summary judgment or in the alternative for leave to serve an amended answer is denied but the defendant is granted leave to renew that branch of the motion now seeking leave to serve an amended answer upon proper motion papers, which shall contain among other things a proper affidavit of merits.